IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISON
No. 4:16-CV-291-BO

LIVERMAN METAL RECYCLING, INC. and )
EMPIRE SERVICES, INC., )
        Plaintiffs, )
)
v. ) **ORDER**
)
ARTHUR J. GALLAGHER & CO., )
        Defendant. )

This matter is before the Court on defendant's motion for summary judgment [DE 25]. The matters are fully briefed and are ripe for ruling. A hearing was held before the undersigned on April 6, 2018 at Raleigh, North Carolina. For the following reasons, the motion is denied.

BACKGROUND

Plaintiffs are two companies, Empire and Liverman, that process scrap metal. At the time of the events giving rise to this case, they were in the process of merging. Empire was acquiring Liverman, and a management plan was established. As a part of this plan, Empire's employees were moved on to Liverman's payroll processing system. Concurrently, Liverman renewed its workmen's compensation insurance policy. The defendant, Arthur J. Gallagher & Co., an insurance broker, handled the renewal. The insurer was a company called Bridgefield Insurance Company.

In December 2013, an employee suffered an onsite injury at one of the processing locations and filed a claim for workmen's compensation. Bridgefield, the insurer, denied the claim. Bridgefield's justification for the denial was that the injured employee worked for Empire, and their insurance policy only covered Liverman. Plaintiffs brought the case to the North

1

Carolina Industrial Commission, which rules on workmen's compensation claims. The Commission found that Bridgefield owed coverage. The Commission found that defendant, acting as Bridgefield's agent, had knowledge of the merger and the location in question where the employee worked when renewing plaintiff Liverman's policy. That knowledge was imputed to Bridgefield and it was required to pay out the coverage. The Commission found that since Bridgefield's refusal to provide coverage was reasonable, it did not owe attorneys' fees. Empire and Liverman jointly brought this action to recover those fees, on the grounds that defendant's actions caused Bridgefield to wrongly disclaim coverage, leading to the proceeding before the Industrial Commission. Plaintiffs have alleged the following causes of action: negligent failure to procure workmen's compensation insurance; negligent failure to advise plaintiffs of the need to procure workmen's compensation insurance; fraud; constructive fraud; and a violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75–1.1(a). This Court has jurisdiction as the parties are diverse. Following discovery, defendant moved for summary judgment.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the non-moving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [non-moving party] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252

(1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Here, there are genuine issues of material fact still left to be resolved.

This case is about attorneys' fees. Plaintiffs seek the fees they incurred before the Industrial Commission from defendant, on the grounds that it is defendant's fault they had to argue the claim before the Commission. Defendant argues plaintiffs ended up before the Commission because of their failure to properly procure coverage, and it is not defendant's fault. Defendant has moved for summary judgment on three grounds. First, that there is no proximate cause between defendant's alleged actions and Bridgefield's claim denial. Second, that there was no breach of a duty such that defendant acted negligently. Third, that there was no detrimental reliance by plaintiff on any misrepresentation by defendant to support a fraud or deceptive trade practices claim.

I.   Proximate Cause

Defendant's proximate cause argument is misplaced. Proximate cause is "a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed." *F.D.I.C. ex rel. Co-op. Bank v. Rippy*, 799 F.3d 301, 316 (4th Cir. 2015) (quoting *Mattingly v. North Carolina R.R. Co.*, 253 N.C. 746, 117 S.E.2d 844, 847 (1961)) (citation and internal quotation marks omitted). Plaintiffs' tort claims require a showing of proximate cause, as does their claim that defendant violated North Carolina's Unfair and Deceptive Trade Practices Act. *Strates Shows, Inc. v. Amusements of Am., Inc.*, 646 S.E.2d 418, 424 (2007); N.C. Gen. Stat. § 75–1.1(a); Restatement (Second) of Torts § 9 (1965).

Defendant argues that it did not cause the injury because Bridgefield's denial of the workmen's compensation claim was not wrongful: Bridgefield evaluated the claim, determined, to its knowledge, that the injured employee wasn't a covered employee, and denied it.

But plaintiffs' argument is that defendant's conduct is what led to Bridgefield reasonably finding a distinction between Liverman employees and Empire employees in the first place. Defendant's proximate cause defense begs the question. The inquiry is not whether what Bridgefield did was reasonable, but why it was done. Accordingly, defendant's motion for summary judgment on these grounds is denied.

II.     Negligence

Next, defendant argues that there was no breach of its duties as an insurance broker. An insurance broker can be liable for the failure to procure insurance when he "promises or gives some affirmative assurance" that he will do so. *Barnett v. Security Ins. Co. of Hartford*, 352 S.E.2d 855, 857 (1987). But the broker is not obligated to "procure a policy for the insured which has not been requested." *Phillips v. State Farm Mut. Auto. Ins. Co.*, 429 S.E.2d 325, 327 (1998).

The dispute here is over what was requested. According to plaintiffs, in April 2013, defendant's agent Theobald was informed about the transaction between Liverman and Empire. When it was time to renew the workmen's compensation policy in August of 2013, Theobald confirmed that additional payroll and locations, including Empire locations, were added to the workmen's compensation renewal. [DE 24 at 8-9; DE 35-5 at 178-79]. Defendant claims that Theobald was informed of a potential transaction in April 2013, but nothing further, and that the renewal discussions in August of 2013 only concerned Liverman employees. [DE 27 at 2-3, 4; DE 28-1 at 13].

4

Viewing all inferences in light of the non-moving party, summary judgment cannot be granted. The acquisition process between plaintiffs was lengthy and involved several steps. Whether, in that context, the above discussions constituted an affirmative representation that the requested insurance had been procured has not been firmly established in any party's favor at this juncture. Nor has what insurance was, in fact, requested. Accordingly, the issue is not appropriate for resolution on summary judgment. Defendant's motion is denied.

III.   Fraud and Deceptive Trade Practices Claims

Defendant also argues that plaintiffs' fraud and deceptive trade practices claims cannot be sustained because there was no detrimental reliance on a fraudulent misrepresentation or omission. In North Carolina, claims of fraud or unfair and deceptive trade practices both have as an element detrimental reliance. *Pearce v. Am. Def. Life Ins. Co.*, 343 S.E.2d 174, 180 (1986); *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 226 (2013). Plaintiff must demonstrate actual reliance on the alleged misrepresentation, and that reliance must be reasonable and to their detriment. *Id.*; *Tucker v. The Boulevard at Piper Glen, LLC*, 564 S.E.2d 248, 251 (2002).

As above, viewing all inferences in the light of the non-moving party, genuine disputes of material fact still exist. Plaintiffs have argued they relied on the understanding that both Empire and Liverman employees in North Carolina were covered by the policy in question. This is bolstered by their procurement of a separate Virginia policy. But the issue, again, is whether Theobald's communications constitute fraudulent misrepresentations or omissions such that plaintiffs' behavior was induced by defendant. Defendant, in its motion, argues that they clearly were not. This has not been resolved such that summary judgment may be granted. Accordingly, it is denied.

## CONCLUSION

For the above reasons, defendant's motion for summary judgment [DE 25] is DENIED.

SO ORDERED, this 25 day of May, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE